ALOIS SCHAFER, W. D. TISDALE as Ancillary Executor of the Last Will and Testament of ALOIS SCHAFER, Deceased, in the State of Iowa, Substituted as Plaintiff, Plaintiff and Appellee, v. M. E. JACKSON, SARAH ELENOR JACKSON, Appellants. L. O. MONTGOMERY, R. J. MONTGOMERY, EDWARD JORDAN, MRS. EDWARD JORDAN, A. J. CREAMER, MRS. A. J. CREAMER, Defendants.

**Mortgages:** PAYMENT OF TAXES: DUTY OF MORTGAGEE. A mortgagee 1 is under no obligation to pay taxes upon the mortgaged property, under a provision in the mortgage that he may do so and recover the amount from the mortgagor.

**Same:** FORECLOSURE: LIABILITY OF MORTGAGOR. It was no defense 2 available to the mortgagors in this foreclosure that the mortgagee extended time of payment to the grantee of the mortgagors without their knowledge or consent, where the contract under which they conveyed required them to obtain an extension of the loan.

**Same:** INSURANCE BY MORTGAGEE. The right of a mortgagee to carry 3 insurance upon the property at the expense of the mortgagor does not create any affirmative duty on his part to obtain insurance.

**Same:** REMOVAL OF IMPROVEMENTS: LIABILITY OF MORTGAGEE. A mort- 4 gagee not in possession can not be held liable for the removal of improvements from the property by another.

**Same:** LIMITATIONS: LACHES. This action to enforce personal lia-

bility against the mortgagors after conveyance of the property was not barred, although service upon the mortgagors was not made within ten years from maturity of the note, as they were non-residents of the state for a portion of the intervening time; and as the mortgagee did not learn of their return to the state until a short time before service was had, and as the mortgagors had no reason to believe that the debt was paid, their plea of laches was not available to them.

**Alteration of instruments:** EVIDENCE. The name of a subsequent purchaser of mortgaged property, appearing in such a place on the mortgage note as to indicate that it was a mere memorandum made by the payee, was not such an alteration of the instrument by an additional signature as would affect the liability of the makers thereon.

*Appeal from Wapello District Court.*—HON. C. W. VER-MILLION, Judge.

TUESDAY, APRIL 9, 1912.

SUIT in equity to foreclose a real estate mortgage and note for $350. The mortgage and note were executed by defendants M. E. Jackson and Sarah E. Jackson. The Jacksons, as principal defendants, set up various affirmative defenses which are considered in the body of this opinion. There was a decree for the plaintiff awarding the full relief prayed. The defendants Jackson appeal.—*Affirmed.*

*Chester W. Whitmore,* for appellants.

*Tisdale & Heindel,* for appellee Tisdale.

*W. W. Epps,* for appellees Jordan.

*Frank T. Nash,* for appellees Cook and Bollinger.

EVANS, J.—The defendants Jackson are husband and wife. The mortgage covered a small tract of real estate situated in Wapello county, and owned by these defendants,

and upon which they erected three small residences. The note and mortgage were executed July 13, 1891, and were drawn to mature in five years. In February, 1894, the Jacksons sold the property to L. O. Montgomery, subject to mortgage. Thereafter the property passed to successive purchasers, some of which are named as defendants herein. This suit was begun in December, 1902, but no service was had upon the defendants Jackson until July, 1910. They had departed from Wapello county prior to the commencement of the suit, and departed from the state of Iowa in March, 1903, and continued nonresident for nearly five years, at the expiration of which time they came back to the city of Des Moines. In 1907 the plaintiff died, and his administrator was substituted as plaintiff.

The defendants set up the following affirmative defenses:

(1) Deny that they or either of them are indebted to plaintiff in any sum whatsoever.

And for affirmative defense to the claims of plaintiff said defendants assert:

. That the tax sale of said lot 2, etc., by deed of date April 12, 1909, was and is valid. That notice of expiration of time to redeem from said sale was served as by law required upon said Edward Jordan by reading the same to his wife and leaving a copy of same with her for said Edward Jordan at the home of the latter in said city of Ottumwa by Morris W. Christie as agent for and on behalf of said Dora L. Cook, the purchaser at said tax sale and the owner of such certificate, and said defendants pray that, upon the trial of this action, the return to said notice of expiration be corrected and amended in accordance with the facts. That said notice was filed and verified and recorded as required by law, and such record shows completed service of said notice, as said defendants are informed and believe and charge the facts to be.

(2) That on or about February 21, 1894, defendants traded said real estate lots 1 and 2 etc., Egan's First addition to Ottumwa, to one L. O. Montgomery, subject to the mortgage involved herein. That thereafter, by letter

dated July 13, 1894, said Alois Schafer recognized said L. O. Montgomery as the principal debtor on said note and mortgage, and, without the knowledge or consent of answering defendants, extended the time of payment thereof three years. That by such course these defendants were led to, and did, believe that the mortgagee was looking alone to said L. O. Montgomery for payment, and were thereby induced to forego recourse against said L. O. Montgomery and said property to protect the mortgagors against nonpayment and delinquency. That by such conduct said Alois Schafer and plaintiff are now estopped from asserting said note or mortgage against plaintiffs.

(3) That by the terms of said mortgage the mortgagee was authorized to see to the payment of taxes on said property, and it was his duty to not permit such property to be sold at tax sale for nonpayment of taxes. That, when such property was sold by defendants to said L. O. Montgomery by and with the consent of said Alois Schafer, defendants were thereupon by operation of law and the implied agreement of the parties relieved from the duty of paying taxes on said property. That said Alois Schafer by his laches and neglect failed to discharge this duty to see that the taxes on said property were paid, and carelessly permitted same to go to tax sale, thereby defeating the lien of said mortgage upon said lot 2. That defendants relied upon said Alois Schafer to discharge his duty of seeing that said taxes were paid, and believed that he had done so and did not know otherwise, and were under no duty to know otherwise, until this suit was instituted, and said defendants had the lawful right so to rely, and said Alois Schafer knew that they were relying upon said L. O. Montgomery and Alois Schafer paying said taxes, and by such conduct on the part of said Alois Schafer said defendants were induced to forego measures they could and would at the time have taken to prevent the loss of said property at tax sale and avoid the defeasance of said mortgage. Whereby said Alois Schafer, and plaintiff as his representative, is by his conduct estopped from asserting said note and mortgage against defendants.

(4) That by the terms of said mortgage the mortgagee was authorized to keep the improvements on said real estate insured. That with the money received from said Alois Schafer upon said note and mortgage defendant

M. E. Jackson purchased the material, and at his own expense furnished the labor for construction of three houses situated on said property, each of the value of about $400. That said M. E. Jackson furnished, and said Alois Schafer received and accepted from him, policies of fire insurance upon said three houses accompanying said mortgage, and as required by the terms thereof. That prior to the expiration of said policies answering defendants parted with their interest in the property by and with the consent of said Alois Schafer, who thereafter by his laches and neglect failed to comply with his legal duty in the matter to see that said insurance was maintained, and carelessly permitted one of the policies to expire. That one of said houses burned while owned by Sell Mace, about 1900, and through said carelessness, laches, and neglect of said Alois Schafer he failed to realize insurance upon said house, as he would have done had he discharged his duty in the premises. That, after parting with the property with the knowledge and consent of said Alois Schafer, defendants believed he would see to the insurance on said property and relied upon his doing so, as they had the right to do, and said Alois Schafer well knew thereof. By such reliance they were induced to forego measures they would otherwise have taken to protect said mortgage and property from loss or damage by fire. By his conduct in the premises plaintiff through said Alois Schafer is estopped from asserting against defendants any claim upon said note or mortgage, the value of said house, and the amount of the insurance originally furnished thereon by defendants, exceeding the amount then due on said note and mortgage.

(5) That, after said defendants by and with the knowledge and consent of said Alois Schafer had transferred said property to said L. O. Montgomery, one of the three houses was purchased and removed from said land by a party by name of Kitterman, without the knowledge or consent of defendants. Whether said Kitterman purchased the same and removed it by and with the knowledge and consent of the then owner and also of said Alois Schafer these answering defendants do not know, but suffice it to say that said house was at that time subject to this mortgage, and it was the duty of said Alois Schafer to hold said house and its proceeds subject to said obligation and to exercise

a reasonable degree of care in supervising said property. That by the laches and neglect said Alois Schafer has failed to receive the value of the house thus removed. That such value exceeded the amount due on said note and mortgage. That, if said Alois Schafer had not permitted said house to be removed or had seen to it that the value thereof was paid to him on account of said note and mortgage at the time the house was removed, it would have more than satisfied the obligation in question. That upon the consent of said Alois Schafer to the sale by defendants of their right, title, and interest in and to said property to said L. O. Montgomery defendants had the right to and did rely upon said Alois Schafer exercising a reasonable degree of diligence for his own protection against said property upon said note and mortgage, and, had he done so, he would from said house so removed have received more than sufficient to pay same. Whereby said Alois Schafer is now estopped to assert said note and mortgage against these defendants.

(6)    For further answer, these defendants say:  That this suit was instituted December 24, 1902. That defendants were then living within the state of Iowa, in the city of Des Moines, as was open and notoriously and generally known, and for practically nearly the whole of said intervening time, as well as from the time said note and mortgage were executed July 13, 1891, they have continuously lived in said state. That plaintiff made no reasonable endeavor to bring these defendants into court until the August, 1910, term of court. That if they had been brought into court promptly at the time the suit was instituted, as should have been done (and there was nothing to prevent and no good reason why this should not have been done), these defendants could have exercised measures on their own behalf to have protected them against said note and mortgage by having recourse upon said L. O. Montgomery or his assigns, remedies which have since been lost to them by the death of said L. O. Montgomery and by the laches, indifference, and neglect of said Alois Schafer and plaintiff his representative. And because of such laches, and because said Alois Schafer and plaintiff as his representative have slept upon his rights to the great prejudice of

these defendants, plaintiff is now estopped from asserting said note and mortgage against them.

(7)  That said note and mortgage are barred by the statute of limitations.

These defenses and some others not pleaded are vigorously pressed in argument.

We will consider them substantially in the order of their pleading.

I.  The first and third paragraphs relate to the same subject, and should be considered together.  It appears from the record that one Dora L. Cook obtained a tax deed to a part

1. MORTGAGES: payment of taxes: duty of mortgagee.

of the real estate on April 12, 1909.  She was thereupon made a party defendant, and the validity of her tax deed was assailed by the plaintiff.  Plaintiff prayed as against such defendant that the tax deed be set aside, and that the property be subjected to the satisfaction of his mortgage.  The trial court found that the tax deed was invalid, and set the same aside and subjected the property to the mortgage.  From such decree the holder of the tax deed has not appealed. This of itself is sufficient to dispose of any ground of complaint at this point on the part of the appellants.  Why these defendants should resist the setting aside of such tax deed and should aver its validity and should pray for a correction of the notice of expiration is not apparent to us, unless it be that they deem their pleaded defense more valuable than the property itself.  It may be said, further, that the provision in the mortgage permitting the mortgagee to pay taxes and to recover the amount so paid from the mortgagor did not cast upon the mortgagee any mandatory duty to avail himself of such privilege.  No charge of neglect, therefore, against the mortgagee, can be predicated upon the failure to pay taxes.  The plaintiff was living in the state of Ohio from 1894 up to the time of his death. As between the mortgagor and mortgagee, it was the duty

of the mortgagor to pay the taxes, and the failure to do so was his default, and not that, of the mortgagee.

II.   The second defense is based upon an alleged extension of. time of payment to the purchaser Montgomery without the knowledge or consent of the answering defendants.   This defense is fully disposed of by the instruments of evidence introduced by the defendants themselves.   A written contract of sale was entered into on February 21, 1894, between these defendants and Montgomery; and the same was introduced in evidence by the defendants.   One of the undertakings therein of these defendants was to "get an extension of loans three to five years on the above described mortgages." Under date of July 13, 1894, the mortgagee wrote Montgomery that he had made the extension "as you requested." Defendants make the argument that the extension was made upon the request of Montgomery, and not upon their request.   Not only did the defendants fail to testify that they had not requested or consented to the extension, but their contract whereby they undertook to get the extension is quite conclusive upon the question of consent.

*2. SAME: foreclosure: liability of mortgagor.*

III.   The fourth and fifth defenses pleaded rest upon no legal foundations.   What we have said on the subject of payment of taxes is quite applicable at this point also. The privilege conferred upon the mortgagee to carry insurance at the expense of the mortgagor cast upon him no affirmative duty to obtain such insurance.   It was the undertaking of the mortgagors to keep the property insured for the security of the mortgagee.   Their failure to do so was their neglect and not his.

*3. SAME: insurance by mortgagee.*

Neither was the mortgagee chargeable with any wrong because Kitterman purchased and removed one of the houses upon the property.   It appears from the evidence that one of the houses had become untenantable and practically worthless, and was sold to Kitterman for $10.   There is

no claim that Schafer, in fact, had anything to do with such sale. The claim is that he ought to have prevented it. It is sufficient to say that a mortgagee as such is charged with no duty of supervision over the mortgaged property unless he is in possession thereof. Schafer had neither possession nor right of possession.

*4. SAME: removal of improvements: liability of mortgagee.*

IV. · The sixth and seventh defenses pleaded laches and the statute of limitations. The note as extended was not due until July 13, 1899. The suit was begun in December, 1902, but service was not had upon these defendants until July, 1910. In the meantime they were nonresidents of the state for a period of four years and ten months. Clearly, therefore, the statute of limitations had not run, nor do we see any ground for the claim of laches. The plaintiff did not learn of the return of the defendants to the state of Iowa until a few days before service of notice was made. The defendants knew at all times that they owed the debt. There is no evidence that they ever had any reason to believe that the debt had actually been paid by an one else. Their own laches and neglect are very prominent in the case, and we see no way to convert these into a valid defense in their favor.

*5. SAME: limitations: laches.*

V. Much of the argument is devoted to the contention that there was an alteration of the note by procuring an additional signature thereto. This question was not passed upon in the court below. No alteration was pleaded. Neither does the evidence show any alteration in fact. We have examined the original instrument. The name of one Creamer appears in the left hand corner of the note in a blank space attending the words "P. O. Address." Creamer was one of the successive purchasers of the property. The appearance of his name in such place is entirely consistent with the theory of the plaintiff that it was a mere memorandum made by the payee of the note.

*6. ALTERATION OF INSTRUMENTS: evidence.*

The trial court properly found for the plaintiff, and its decree is accordingly *affirmed*.