**Lula Mae SMITH, Appellee,**

v.

**The NATIONAL BANK OF McALESTER, Appellant.**

No. 50753.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 20, 1977.

Released for Publication by Order of Court of Appeals Jan. 12, 1978.

Sullivan & Sanders by Douglas W. Sanders, Poteau, Wayne Russell, Wilburton, for appellee.

Layden & Layden by William H. Layden, McAlester, for appellant.

ROMANG, Judge.

This action was brought by Lula Mae Smith, as plaintiff, against The National Bank of McAlester and the Royal Insurance Company, as defendants. Plaintiff later dismissed her cause of action against Royal Insurance Company. Reference will be made to the parties in this appeal as plaintiff and the Bank.

Plaintiff sought in her petition to quiet her title to her home property in Latimer County against the Bank which holds a mortgage thereon, and to recover damages from the Bank because her home was destroyed by fire and the Bank had not notified her of cancellation of the insurance policy thereon. The Bank filed an Answer and Cross-Petition seeking judgment on a promissory note executed by plaintiff and her first husband and foreclosure of its mortgage on plaintiff's home property.

Trial before a jury resulted in a verdict for plaintiff for $1400.00, and cancellation of the Bank's note and mortgage. The Bank has appealed and presents as its first proposition the following:

The verdict rendered is not sustained by sufficient evidence and is contrary to law.

Plaintiff and her first husband obtained a loan from the Bank on January 6, 1967. As security therefor, they executed a note and mortgage for $5,400.00. At the same time, they obtained a $5,000.00 insurance policy on the home with a mortgage clause.

Later in 1967, plaintiff and her first husband were divorced. Plaintiff was awarded the home and he was ordered to pay the debts of the marriage. Thereafter, plaintiff's former husband moved to Oklahoma City, where he obtained insurance on the home from another insurance company. The Bank received the new policy of insurance and notified plaintiff of its receipt.

Plaintiff remarried and continued to live in the home with her second husband. On October 10, 1970, the home was totally destroyed by fire. Plaintiff notified the Bank of her loss, and the Bank prepared a proof of loss and sent it to the insurance company in Oklahoma City. The insurance company replied that the insurance policy had been cancelled for nonpayment of premiums. This suit followed.

At the trial it was brought out that plaintiff and her second husband had secured an insurance policy before the fire which provided $5,000.00 of coverage on the house and $4,000.00 coverage on the contents; and that they had been paid $4,000.00 for loss of contents and the sum of $2,300.00 on the house.

■ The balance owed the Bank on the mortgage was $2,217.44. The bank loan officer did not remember receiving notice of cancellation of the insurance policy obtained by plaintiff's former husband at Oklahoma City. However, in view of plaintiff's evidence, we are assuming for the purpose of this opinion that the Bank received the notice of cancellation in 1968, and that it never notified plaintiff of the cancellation. The real question is whether the Bank had a duty to notify plaintiff.

The mortgage in question provides in pertinent part:

FOURTH: Mortgagor shall keep all buildings on said property insured against loss from fire or windstorm in some responsible insurance company to be approved by Mortgagee, for the insurable value thereof, with mortgage clause attached making said insurance payable in case of loss to Mortgagee, heirs and assigns as the interest of the holder thereof may appear, and deliver such policy and renewal policies to Mortgagee. In case of failure to keep said buildings so insured, the holder of this mortgage may effect such insurance, and the amount so paid therefor shall be collectible with the debt herein secured with interest at the rate of ten percent per annum, and this mortgage shall stand as security therefor.

59 C.J.S. Mortgages § 328, p. 450 reads:

A mortgagee to whom notice was sent of the cancellation of an insurance policy taken out by the mortgagor, with loss payable to the mortgagee, is under no obligation to give notice to the mortgagor of such cancellation.

In *Tonini v. Thurman*, 192 Okl. 421, 136 P.2d 909 (1943), the syllabus by the court holds:

As a general rule, in the absence of an agreement to the contrary, a mortgagee is not obligated to keep the mortgaged premises insured and the mere fact that the mortgagee is custodian of a policy procured by the mortgagor and has been requested to keep the premises insured does not impose upon him an obligation to do so.

Plaintiff relies on *Ward v. Continental Insurance Corporation*, 165 Okl. 20, 24 P.2d 654 (1933), as being one of the exceptions to the general rule. There, the new owner of the property, notified the mortgagee of the change of ownership and requested the mortgagee to notify the insurer of the change but the mortgagee failed to do so, and as a result the new owner was not covered when a loss occurred. It was held that the loss to the extent of the amount of the policy was chargeable to the mortgagee. Whether classified as an exception or not, the *Ward* case is distinguishable on its facts.

Plaintiff next suggests that the Bank was acting as her agent because the Bank submitted a formal proof of loss. As authority for this position, plaintiff relies on *United States Fidelity and Guaranty Co. v. Webb*, 477 P.2d 392 (Okl.1970). There the mortgagee took care of securing the policy, which distinguishes it from the present case. Here, agency was not the theory of recovery presented in the trial court. It was raised for the first time in the answer brief.

In *Mills v. Mills*, 512 P.2d 143 (Okl.1973), the court held in the syllabus:

A party to an appeal may not present matters on on appeal which were not raised in the trial court.

The present case was filed and tried on the basis of negligence on the part of the Bank.

In *Nicholson v. Tacker*, 512 P.2d 156 (Okl. 1973), the court held:

For actionable negligence to be present these elements must concur: (1) The existence of a duty on part of the defendant to protect plaintiff from injury; (2) the failure of the defendant to perform his duty; and (3) the injury to plaintiff resulting from such failure.

The evidence in the instant case shows no breach of any legal duty owed to the plaintiff. The verdict and judgment are contrary to law and are therefore reversed.

This case is remanded with instructions to enter judgment for the Bank on its cross-petition for $2,217.44, plus interest and an attorney's fee, court costs, and to order the mortgage foreclosed.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and BOX, J., concur.