JULIA BECKFORD et al., Respondents, v EMPIRE MUTUAL INSUR-ANCE GROUP et al., Respondents, and GREENPOINT SAVINGS BANK, Appellant, et al., Defendants.

Second Department, February 29, 1988

## APPEARANCES OF COUNSEL

*Abrams & Martin, P. C. (Mark E. Abrams* and *Evan W. Godsall* of counsel), for appellant.

*Kenneth P. Lowenthal* and *Sandra Ruth Schiff* for Julia Beckford and another, respondents.

*Raymond J. MacDonnell (Isabella Natale* of counsel), for Empire Mutual Insurance Group and another, respondents.

## OPINION OF THE COURT

LAWRENCE, J.

On or about April 15, 1969, the plaintiffs, Julia Beckford and her son Pedro Beckford, purchased a two-family dwelling located at 103-11 35th Avenue in Corona, Queens. The purchase was financed, in part, by a mortgage loan from the defendant Greenpoint Savings Bank (hereinafter Greenpoint).

The mortgage provided, in relevant part, that in order to more fully protect the security of the mortgage, together with the monthly payments of principal and interest, the mortgagor was to pay to the mortgagee one twelfth of the annual premium "that will next become due and payable on policies of fire and other hazard insurance on the [mortgaged] premises * * * to be held by Mortgagee in trust to pay said * * * premiums * * * before the same become delinquent".

The mortgage further provided, as follows: "13. That the Mortgagor will keep the improvements now existing or hereafter erected on the mortgaged premises, insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties, and contingencies in such amounts and for such periods as it may require and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore; that he will assign and deliver all insurance policies to the Mortgagee; and that he will reimburse the Mortgagee for any and all insurance premiums paid by the Mortgagee upon the Mortgagor's default in so insuring the buildings, paying the premiums or in so assigning and delivering the policies".

Fire insurance policies covering the premises were secured by the plaintiffs through the defendant Richard Fernandez, an insurance broker associated with the defendant J. V. Gould Co., Inc. (hereinafter Gould), an insurance agency. At issue is the fire insurance policy issued by the defendants Empire Mutual Insurance Group (hereinafter Empire Mutual) and its

Allcity Insurance Company (hereinafter Allcity) for the period commencing January 24, 1981 through January 24, 1982. The insurance policy named the plaintiffs as the insureds, and contained the standard mortgagee clause making the loss payable to Greenpoint, as mortgagee, as its interest may appear.

On February 17, 1981, Greenpoint received its copy of the subject policy covering the mortgaged premises and on February 25, 1981, Greenpoint remitted its check to Empire Mutual in payment of the insurance premium.

On April 21, 1981, Greenpoint received in the mail from Gould, Empire Mutual's agent, a copy of a notice of cancellation, dated April 16, 1981, and effective May 1, 1981. The stated reason for cancellation was the nonpayment of the premium. Greenpoint immediately contacted the insurance broker to advise him that payment of the premium had been made on February 25, 1981.

On April 29, 1981, Greenpoint received in the mail from Gould a notice of reinstatement, also dated April 16, 1981, indicating that the policy was reinstated and continued without lapse, and that the earlier "notice of cancellation" was to be disregarded.

In the interim, on April 23, 1981, Greenpoint had received a second notice of cancellation dated April 20, 1981, and effective May 25, 1981. The second notice was from Allcity rather than from the agent, Gould, and the stated reason for cancellation was that there was a "Vacant Building.,—Adjacent to Risk". Nothing was done by Greenpoint about the second notice.

On or about August 28, 1981, the subject premises were extensively damaged by fire. Upon the plaintiffs' demand for payment of the fire loss, Empire Mutual and Allcity refused to make payment on the ground that the insurance policy had been canceled on May 25, 1981. Thereafter, this action was commenced by the plaintiffs against Empire Mutual and Allcity, the agent, Gould, the broker, Fernandez, and the appellant, Greenpoint. In their verified complaint, the plaintiffs alleged, *inter alia,* that the defendant insurance companies had never notified the plaintiffs that their policy had been canceled. With respect to Greenpoint, the plaintiffs averred that the bank was negligent, and had breached its contractual obligations to the plaintiffs by its failure to notify the plaintiffs of the cancellation of the policy and its failure to procure new insurance.

At the trial, Empire Mutual and Allcity presented testimony of an employee as to their mailing procedures; additionally, they produced postal certificates of mailing as proof of service upon the plaintiffs and Greenpoint of the second cancellation notice. Greenpoint acknowledged that it was an oversight on the part of its employee responsible for checking reinstatement notices against cancellation notices not to have detected that the second cancellation notice was actually dated four days after the reinstatement notice, that the reason given in the second cancellation notice differed from the reason stated in the first notice, and that the second cancellation notice came from the insurance carrier itself. Greenpoint further acknowledged that it had continued to accept and hold in escrow monthly payments from the plaintiffs on account of fire insurance premiums, pursuant to the terms of the mortgage.

At the conclusion of the trial, the trial court found that Empire Mutual and Allcity had met their burden of proving that they had properly canceled the fire insurance policy and directed the dismissal of the action against the defendants other than Greenpoint and of Greenpoint's cross claims as against the defendant insurance companies.

The trial court further acknowledged that upon receipt of the second notice of cancellation, the plaintiffs had an obligation to maintain insurance coverage upon the premises. Nevertheless, the court imposed liability upon Greenpoint because it had "wrongfully neglected to take appropriate measures to respond to the [second] notice of cancellation", while continuing to accept monthly payments to be held in escrow for future insurance premiums. Therefore, the trial court directed entry of an interlocutory judgment in favor of the plaintiffs as against Greenpoint on the issue of liability and set the matter down for an assessment of damages.

Greenpoint now appeals from stated portions of the interlocutory judgment subsequently entered upon the trial court's decision.

■ Initially, we find no merit to Greenpoint's claim that Empire Mutual and Allcity did not effectively cancel the plaintiffs' fire insurance policy. This contention is based, in relevant part, upon the fact that the notice of reinstatement was received by Greenpoint after it had received the second notice of cancellation. Nevertheless, the dates on the respective notices indicate that the notice of reinstatement related

only to the first notice and was clearly effective prior to the service of the second notice. Therefore, we find no basis for disturbing the trial court's determination that the latter notice effectively canceled the plaintiffs' fire insurance policy. The second notice was clear, and unequivocally canceled the plaintiffs' insurance policy based upon underwriting considerations, to wit, the close proximity of the mortgaged premises to a vacant building.

However, we find that the plaintiffs' complaint against Greenpoint should have been dismissed. Contrary to the plaintiffs' contentions, Greenpoint did not have, nor did it assume, a duty to notify the plaintiffs of the cancellation of their insurance policy or to keep the mortgaged premises insured. "[A] mortgagee to whom notice is sent of the cancellation of an insurance policy taken out by the mortgagor, with loss payable to the mortgagee, is under no obligation to give notice to the mortgagor of such cancellation. 59 C.J.S. *Mortgages* § 328. The mortgagee is justified in assuming that notice of cancellation was also given to the mortgagor, where a policy such as the one under consideration here could not legally be cancelled without such notice [to the mortgagor]. *Smith v. National Bank of McAlester,* 575 P.2d 975 (Okl. App. 1977); *Gambino v Gratiot Lumber & Coal Co.,* 235 Mich. 70, 209 N.W. 120 (1926)" *(Rocque v Co-operative Fire Ins. Assn.,* 140 Vt 321, 327, 438 A2d 383, 386-387).

While Greenpoint, through its employee, conceded that it was negligent in not following up with regard to the second notice, nevertheless, "[a]ny practice which [Greenpoint] may follow of giving notice of cancellation to mortgagors [or otherwise investigating such notice] is clearly for its own protection and is not sufficient to create a duty at law" *(Rocque v Cooperative Fire Ins. Assn., supra,* 140 Vt, at 327, 438 A2d, at 387).

Further, Greenpoint was not under any duty to replace the insurance canceled for underwriting reasons, despite the continuance of the escrow account for the monthly payments to be used for future insurance premiums.

In the absence of an agreement to the contrary, the mortgagee is under no obligation to insure the mortgaged premises *(see, Wesson v Jefferson Sav. & Loan Assn.,* 641 SW2d 903, 905 [Tex]; *Schafer v Jackson,* 155 Iowa 108, 135 NW 622; 3 Couch, Insurance 2d § 25:85, at 431 [rev ed 1984]; *see also,* Real Property Law § 254 [4]). In this case, as conceded by the

plaintiffs, the mortgage agreement expressly obligated the plaintiffs to, and they did, in fact, secure a fire insurance policy covering the subject premises. Under the mortgage, Greenpoint, as mortgagee, was not "duty bound to protect the property against loss by fire or otherwise" *(Boyce v National Commercial Bank & Trust Co.,* 41 Misc 2d 1071, 1077, *affd* 22 AD2d 848, *lv denied* 15 NY2d 487).

The monthly payments made to Greenpoint to be held in escrow to be used for the payment of fire insurance premiums did not impose a duty upon the bank to acquire fire insurance coverage in the absence of an agreement to do so *(see, Boyce v National Commercial Bank & Trust Co., supra; Honaker v Farmers Mut. Ins. Co.,* 313 A2d 900, 902 [Del 1973]; *Hassell v Sterling Fed. Sav. & Loan Assn.,* 132 Ill App 2d 1005, 271 NE2d 7, 11; *Rayborn v Fort Thomas Bldg. & Loan Assn.,* 453 SW2d 558, 560 [Ky]).* Moreover, paragraph 13 of the mortgage agreement merely gave Greenpoint an option to purchase insurance if the plaintiffs defaulted in their responsibilities. "A provision in a mortgage authorizing the mortgagee to obtain insurance at the expense of the mortgagor is not mandatory on the mortgagee, and will not, on failure to insure, create a liability against [it] in favor of the mortgagor" (59 CJS, Mortgages, § 328 [b], citing *Tonini v Thurman,* 192 Okla 421, 136 P2d 909; *see also, Smith v National Bank,* 575 P2d 975 [Okla]; *Schafer v Jackson, supra).* "The relationship between the parties is based on the [mortgage]. Any negligence, i.e., a potential breach of duty, must arise out of a positive duty which the law imposes because of the existence of the contractual relationship as mortgagor and mortgagee, or because of the negligent manner in which some act which the contract provides for is done" *(Hassell v Sterling Fed. Sav. & Loan Assn.,* 132 Ill App 1005, 1007, 271 NE2d 7, 9, *supra).*

In this case, Greenpoint, by merely continuing the escrow account, did not undertake to procure insurance on behalf of the plaintiffs. "Mere acceptance of the premium is not a sufficient consideration to support [an agreement to provide insurance] nor can it be regarded as such an entry upon the performance of the duty as to make the mortgagee liable for the loss, though [it] would be liable to an action for the return of the money" (3 Couch, Insurance 2d § 25:86, at 433 [rev ed 1984], citing *Hudson v Ellsworth,* 56 Wash 243, 105 P 463; *see also, Hazlett v First Fed. Sav. & Loan Assn.,* 14 Wash 2d 124, 127 P2d 273; *Warrener v Federal Land Bank,* 266 Ky 668, 99 SW2d 817).

We decline to follow *Pacheco v Heussler* (56 AD2d 85), insofar as its determination may be interpreted as holding that the mere continuance of the escrow account was sufficient to impose a duty upon the mortgagee bank to acquire insurance coverage for the mortgaged premises.

Since Greenpoint neither breached a duty nor assumed any duty in favor of the plaintiffs, dismissal of the complaint as against it is warranted. Accordingly, the interlocutory judgment should be modified, on the law, by deleting the first, second and fourth decretal paragraphs thereof, and by substituting therefor a provision dismissing the complaint as against the defendant Greenpoint Savings Bank, and as so modified, the interlocutory judgment should be affirmed insofar as appealed from, without costs or disbursements.

MANGANO, J. P., THOMPSON and KUNZEMAN, JJ., concur.

Ordered that the interlocutory judgment is modified, on the law, by deleting the first, second and fourth decretal paragraphs thereof, and substituting therefor a provision dismissing the complaint as against the defendant Greenpoint Savings Bank; as so modified, the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.