■ Mario Gurreri, Jr., Appellant, v Associates Insurance Company et al., Respondents. [669 NYS2d 629] —In an action to recover damages for breach of an insurance contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered February 19, 1997, which, upon an order of the same court dated January 23, 1997, granting the defendants' motion for summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order dated January 23, 1997, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The appellant obtained financing from the respondent Associates Commercial Corporation (hereinafter ACC) for the purchase of a tractor and trailer. The security agreement provided that the loan was to be paid in 48 monthly installments, with the last payment due in November 1992, and required the appellant to maintain insurance on the tractor and trailer for the term of the loan. ACC arranged for the appellant to obtain insurance from the respondent Associates Insurance Company (hereinafter AI), and the appellant made monthly payments for the insurance premiums to ACC. When the appellant fell behind in his loan payments, ACC granted him two extensions of time to pay. On August 31, 1993, the tractor and trailer were damaged, and when the appellant contacted AI, he was told that his insurance coverage had expired on November 28, 1992. The appellant instituted this action to recover damages for breach of the insurance contract.

The respondents moved for summary judgment, contending that there was no evidence that the appellant either had insurance coverage on the date of the loss, or that the respondents represented that the appellant's insurance coverage was extended together with his time to make the loan payments. The appellant failed to rebut the prima facie showing by AI

that the insurance policy issued to the appellant expired by its own terms on November 28, 1992, and was not in effect on the date of the loss. Moreover, ACC, which, pursuant to the security agreement, had the right but not the obligation to procure insurance for the security for its loan if the appellant failed to do so, did not breach a duty owed to the appellant under the security agreement by not obtaining continued insurance coverage for the property (*cf., Beckford v Empire Mut. Ins. Group,* 135 AD2d 228). Accordingly, the respondents were properly granted summary judgment on the breach of contract claims.

The appellant has also failed to show the existence of genuine fact issues concerning whether the respondents should be estopped from denying that his insurance coverage was in effect on the date of the loss. "To establish a viable cause of action sounding in promissory estoppel, a plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise" (*Rogers v Town of Islip,* 230 AD2d 727). The appellant failed to proffer evidence that the respondents made a clear and unambiguous promise to extend his insurance coverage beyond the expiration date stated in the policy. Thus, the cause of action sounding in estoppel was also properly dismissed. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.