■ DAVID DOOKIE, Appellant, v ASTORIA FEDERAL SAVINGS, Respondent. [944 NYS2d 234]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated February 18, 2010, as granted that branch of the defendant's motion which for summary judgment dismissing the cause of action to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff obtained a mortgage from the defendant, Astoria Federal Savings Bank to purchase a multiple-family building, pursuant to which mortgage, the plaintiff was responsible for procuring fire insurance. The plaintiff, initially, did procure fire and other insurance and also paid the defendant, monthly, one twelfth the amount of the insurance premium to assure future payment of premiums. The mortgage provided that, in the event of a lapse in insurance, the defendant was permitted to procure insurance for the plaintiff, but was not obligated to do so. After one year, the insurance initially procured by the plaintiff was not renewed by the insurance carrier. The plaintiff thereafter procured other insurance, but upon terms which he claimed were less favorable.

After a fire destroyed the subject property, the plaintiff commenced an action against the defendant alleging, among other things, breach of contract, claiming, inter alia, that the defendant breached its contractual obligation to pay the premium to the original insurer, resulting in the nonrenewal of that policy. The Supreme Court granted the defendant's motion for summary judgment, inter alia, dismissing the cause of action to recover damages for breach of contract.

"In the absence of an agreement to the contrary, the mortgagee is under no obligation to insure the mortgaged premises" (*Beckford v Empire Mut. Ins. Group*, 135 AD2d 228, 232 [1988]; *see Gurreri v Associates Ins. Co.*, 248 AD2d 356 [1998]). Here, the original insurer delivered a renewal notice to the plaintiff which stated that "THERE ARE NO AUTOMATIC RENEWALS," and which informed him that, in order to secure a renewal, the plaintiff had to sign the renewal form and expressly check off a box next to a statement that he desired renewal. Since the defendant submitted evidence on its motion that renewal required an active decision by the plaintiff as to whether he wanted to continue his relationship with this insurer, and also submitted the parties' mortgage documents, which stated that the defendant had no contractual obligation to procure insurance in the event of a lapse, the Supreme Court properly determined that the defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law and that, in opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.