# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1193**
**CA 15-00660**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

BAC HOME LOANS SERVICING, LP, FORMERLY KNOWN AS
COUNTRYWIDE HOME LOANS SERVICING, LP,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

ALEXANDER J. MCCOMBIE, III, DEFENDANT-APPELLANT,
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, ET AL., DEFENDANTS.

---

LAW OFFICE OF THOMAS R. MCCARTHY, LIVERPOOL (G. WINSTON DELONG OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BRYAN CAVE LLP, NEW YORK CITY (ROBERT ROTHBERG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered June 4, 2015. The judgment directed that the mortgaged premises described in the complaint be sold at public auction.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to foreclose on a mortgage that was secured by property owned by Alexander J. McCombie, III (defendant). Defendant appeals from an order that, inter alia, granted plaintiff's motion seeking summary judgment on the relief sought in the complaint and dismissal of the counterclaims.

We note at the outset that the order was subsumed in a judgment of foreclosure and sale that was subsequently entered. While the appeal properly lies from the judgment, we exercise our discretion to treat the notice of appeal as valid and deem the appeal to be from the judgment (*see* CPLR 5520 [c]; *Kovalsky-Carr Elec. Supply Co., Inc. v Hartford Cas. Ins. Co.*, 130 AD3d 1534, 1534). We further note that, on appeal, defendant challenges the order only insofar as it granted that part of plaintiff's motion seeking summary judgment dismissing the counterclaims. We therefore deem abandoned any contention by defendant with respect to the order insofar as it granted the relief sought in the complaint (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to defendant's contention, we conclude that Supreme

Court properly granted that part of plaintiff's motion for summary judgment dismissing the first counterclaim, which alleges that plaintiff was negligent in its dealings with defendant after he defaulted.  The relationship between the parties is a contractual one between plaintiff as mortgagee and defendant as mortgagor (*see Beckford v Empire Mut. Ins. Group*, 135 AD2d 228, 233), and plaintiff owed defendant no legal duty independent of the mortgage (*see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1376, *lv denied* 22 NY3d 864).  Plaintiff was under no obligation under the mortgage to grant defendant's requests for a short sale or a deed in lieu of foreclosure after defendant defaulted on his loan payments (*see Home Sav. of Am. v Isaacson*, 240 AD2d 633, 633; *see also Wells Fargo Bank, N.A. v VanDyke*, 101 AD3d 638, 638).

The court also properly granted plaintiff's motion with respect to the second counterclaim, which seeks punitive damages arising from the parties' respective financial situations following the financial crisis of 2007-2008.  Defendant cannot recover punitive damages because he fails "to assert an underlying [counterclaim] upon which a demand for punitive damages can be grounded" (*Roconova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616).  Moreover, defendant cannot assert a counterclaim against plaintiff under the statute that created the Troubled Asset Relief Program ([TARP] 12 USC § 5211 *et seq.*), inasmuch as he has no private right of action against plaintiff under TARP (*see Ruotolo v Fannie Mae*, 933 F Supp 2d 512, 523 [SDNY], *appeal dismissed* ___ F3d ___ [June 5, 2013]).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court