GAMBINO *v.* GRATIOT LUMBER & COAL CO.

1. PLEADING—AMENDMENT—UNEXPLAINED DELAY—ABUSE OF DISCRETION.

There was no abuse of discretion in the refusal of the court below to allow an amendment to plaintiff's bill to set aside the foreclosure of a mortgage by setting up irregularities in the foreclosure proceedings, on the ground that their attorneys, who were retained after the bill was filed, had but recently discovered the facts relating thereto, when the cause came on for hearing on March 12, 1925, where it appears that said attorneys were retained on May 19, 1924, and could not but have understood that the rights acquired by defendant under the sheriff's deed were in issue, and the delay was unexplained.[1]

[1]Pleading, 31 Cyc. p. 394.

2. Insurance—Cancellation of Policy Not Legal Unless Notice Given Insured.

> In view of the fact that, under Act No. 256, Pub. Acts 1917, pt. 4, chap. 2, subd. 2, § 6, a fire insurance policy could not be legally canceled without giving notice to the insured, the mortgagee had a right to assume, on receiving notice of the cancellation of a policy, that notice had been given to the insured mortgagors, and it was under no legal obligation to itself give it.[2]

3. Same—Cancellation of Policy—Mortgagee Not Liable For Insurance For Failing to Notify Mortgagors of its Cancellation.

> Where insured mortgagors' failure to recover on an insurance policy was due to their neglect to furnish proofs of loss to the insurer, they may not recover said insurance from the mortgagee on the theory that it was liable because it failed to notify them that the insurer had canceled the policy.[3]

4. Same—Accounting—Equity.

> In a suit by the mortgagors for an accounting by the mortgagee of insurance money collected by it on an insured building on the mortgaged premises, the conclusion of the court below that, even if plaintiffs were entitled to an accounting under the method adopted by their counsel, they would not be entitled to relief, *held*, justified by the proofs.[4]

Appeal from Wayne; Murphy (Alfred J.), J. Submitted January 8, 1926. (Docket No. 65.) Decided June 7, 1926.

Bill by Vito Gambino and another against the Gratiot Lumber & Coal Company to set aside the foreclosure of a mortgage, and for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Daskam & Fox*, for plaintiffs.

*Charles F. Gates*, for defendant.

---

[2] Fire Insurance, 26 C. J. § 164 (Anno); [3] Id., 26 C. J. § 587 (Anno); [4] Id., 26 C. J. § 588 (Anno).

SHARPE, J.   Plaintiffs, desiring to erect a building on some lots, in which they had a contract interest, in the city of Detroit, entered into a written contract with defendant on September 11, 1919, whereby the defendant agreed to furnish them material therefor to the amount of $1,000, for which it received a cash payment of $50 and was secured by a lien on the premises for the balance, payable January 1, 1920. It was the understanding that at that time plaintiffs would secure title and procure a loan, from the proceeds of which defendant would be paid.   They were unable to do this, and on March 1, 1920, executed a note and mortgage to the defendant in the sum of $5,183.50, payable in 36 monthly payments of $75 each, commencing on May 1, 1920, the balance to be paid on May 1, 1923.   At the time the mortgage was given, plaintiffs owed defendant about $2,000 for material furnished, and defendant advanced the money to secure plaintiffs a deed to the property, amounting to more than $1,000.   The balance was the estimated cost of completing the building.   On plaintiffs' failure to make the monthly payments as agreed, defendant, on February 26, 1921, began foreclosure by publication, as provided for in the statute.   Sale was made on May 27, 1921, and the property bid in by defendant for $5,411.96, the amount then claimed to be due and the expenses of sale.   About the time the mortgage was given, insurance on the property for three years was secured from the Northern Insurance Company of New York in the sum of $3,000, with loss, if any, payable to the mortgagee.   The premium was paid by defendant, and charged to plaintiffs.   On or about January 20, 1921, the defendant received notice from the company that the policy was canceled.   It returned the policy to the local agent of the company, and received for return premium the sum of $10.93, which it credited to plaintiffs' account.   Defendant's

secretary and manager testified that this credit appeared in a statement sent plaintiffs soon thereafter. The plaintiffs had theretofore secured a second policy of insurance from the American Fire Insurance Company in the sum of $4,000, with loss, if any, payable to the mortgagee. The premises were at least partially destroyed by fire on September 18, 1921. Defendant's attorney prepared and furnished proofs of loss to the American company and, after some delay, secured payment of $4,000 from it.

Plaintiffs claim that they first learned of the cancellation of the policy in the Northern company after the fire. They began suit to recover on this policy on September 14, 1922, and recovered a judgment on November 19, 1924. That judgment was reversed by this court on October 27, 1925 (*Gambino* v. *Insurance Co.*, 232 Mich. 561), for the reason that proofs of loss had not been furnished as provided for in the policy. (See, also, *Gambino* v. *Insurance Co.*, 234 Mich. 651, on rehearing.)

On May 22, 1922, a few days before the time for redemption under the sheriff's deed on foreclosure would expire, the plaintiffs filed the bill of complaint herein. In it they prayed that the deed on foreclosure be set aside, that an accounting be had as to the amount due defendant under its mortgage, and that defendant be required to pay plaintiffs the amount of the insurance policy which had been canceled. The cause was advanced for hearing on petition of defendant, and came on before the trial court on March 12, 1925. Plaintiffs' attorneys thereupon filed a motion to amend their bill of complaint so as to set up alleged irregularities in the foreclosure proceeding. It was founded upon the affidavit of one of plaintiffs' attorneys, who stated that they had but recently discovered the facts relating thereto. It appearing that there had been a substitution of attorneys on May 19,

1924, the trial court refused to permit the amendment. Plaintiffs' present attorneys, when retained, could not but have understood that the rights acquired by defendant under the sheriff's deed were in issue. Their neglect to investigate the proceedings, and to ask for the amendment, from May 19, 1924, to March 12, 1925, is not explained. We cannot say that the trial court abused its discretion in denying the motion to amend.

Plaintiffs' right to recover the $3,000 insurance is based upon a claimed obligation on the part of the defendant to inform the plaintiffs that the policy had been canceled. As the policy could not be legally canceled without notice to plaintiffs (Act No. 256, Pub. Acts 1917, pt. 4, chap. 2, subd. 2, § 6 [Comp. Laws Supp. 1922, § 9100 (243)]), it seems clear that defendant had the right to assume that such notice had been given and it was under no legal obligation to itself give it. Plaintiffs' failure to recover on the policy was due to their neglect to furnish proofs of loss. It appears that their then attorney was several times advised by defendant's present attorney that such proofs must be furnished.

The trial court concluded that plaintiffs were not entitled to any equitable relief. He was of the opinion that even if plaintiffs were entitled to an accounting under the method adopted by their counsel, they would not be entitled to relief. The proofs submitted fully justified this conclusion.

The decree is affirmed, with costs to appellee.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.