(November 24, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY CUTY and MARIE ROCKEFELLER, Appellants.— Application for the appointment of a Special District Attorney to act during the disqualification of the District Attorney in the prosecution of this appeal granted; and Sidney H. Kitay, Esq., Canton, New York, appointed for that purpose. (County Law, § 701.) Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ JUANA QUINONES, an Incompetent, by Her Guardian ad Litem, AGRIPINA MOLINA, Appellant, v. STATE OF NEW YORK, Respondent.— Claimant submits the appeal without a transcript (CPLR 5525, subd. [b]) contending that the trial court's findings of fact, which she accepts, are "inconsistent with the conclusions of law drawn therefrom". Contrary to appellant's contention, she failed to make a prima facie case. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ LYLE A. BOYCE et al., Respondents-Appellants, v. NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, NEW YORK, Respondent. NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, NEW YORK, Defendant and Third-Party Plaintiff, v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant. LYLE A. BOYCE et al., Respondents, v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.— *Per Curiam.* The trial court's determination adverse to appellant insurer of the factual issue of its "giving notice" of cancellation was correct. Upon the entire record, no other conclusion would be sustainable. Plaintiff insureds assert, of course, that the insurer was properly held liable but ask that "if that determination should be overruled", the judgment dismissing their complaint in their action against the respondent bank be reversed. A recovery against the insurer, upon final determination of the action against it, might render the other action and the third-party action moot, except, perhaps, with respect to certain items of damage asserted. Additionally, there is doubt whether the basic damages sought to be recovered from the bank can be satisfactorily established prior to a final determination favorable to the insurer of the action on the policy. Consequently we withhold consideration of the legal and factual issues presented by the action against the bank and the latter's third-party action; except to note that, under all of the circumstances, it was not equitable to allow costs of $622.50 to the bank (CPLR 8101). Action and judgment against insurer, and appeal therefrom, severed, and judgment affirmed, with costs to plaintiffs-respondents. In action against bank and third-party action against insurer, appeal returned to General Calendar of this court, without costs. Settle order. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.