## Maurice Rocque and Katherine Rocque v. Co-operative Fire Insurance Association of Vermont, Federal Land Bank Association, and Nye Insurance Agency

[438 A.2d 383]

No. 197-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Paul D. Jarvis* of *Blum Associates, Inc.,* Burlington, for Plaintiffs.

*Charity A. Downs* of *Conley and Foote,* Middlebury, for Co-operative Insurance Association.

*Sheehey & Brue,* Burlington, for Federal Land Bank.

*Alan D. Port* of *Paul, Frank & Collins, Inc.,* Burlington, for Nye Insurance.

**Barney, C.J.** In 1976 plaintiffs Maurice and Katherine Rocque owned and operated a dairy farm in St. Albans, Vermont. The farm had been in the Rocque family for over thirty years, and throughout that entire period had been insured against fire under a policy procured for the plaintiffs by the defendant, Nye Insurance Agency, and held by a second defendant, Co-operative Fire Insurance Association of Vermont. The third defendant, Federal Land Bank Association, held a mortgage on the farm.

The Rocques applied for a renewal of their policy in August, 1976. As was customary, a representative of the Nye Agency met with the Rocques at their home, completed the application and forwarded it to Co-operative. The company in turn duly approved and processed the application, and issued a new policy to the Rocques effective September 12, 1976. Co-operative's office manager testified that when the new policy was sent out to the Rocques, the bill for the first premium, due on October 16, 1976, would have been included in the regular course of business, and "Bill Enclosed" would have been stamped in red on the envelope.

When no payment was forthcoming from the Rocques by October 16th, a second cancellation notice was sent, with copies to the Nye Agency and the Federal Land Bank, stating that cancellation of the policy would be effective on November 4, 1976. Sometime after November 4th a third notice was sent to the Rocques and to each of the other defendants, declaring that Co-operative was no longer liable on the policy. Both the Nye Agency and the Federal Land Bank received their copies of the notices, but the Rocques claim that due to repeated disruption of their rural mail service during this period of time they never received any of these notices, nor a note of inquiry allegedly sent by the Nye Agency on October 30, 1976. It is undisputed that the Rocques made no payment on the policy prior to the date of the claimed cancellation.

On November 27, 1976, fire completely destroyed the Rocque farm. When the Rocques called Hale Nye to report the disaster, he advised them that their insurance had been cancelled for nonpayment of premium. Subsequently plaintiffs brought the instant suit for reimbursement of the loss. They allege that Co-operative breached the terms of its policy, and that all three defendants breached their duty to notify the Rocques of any cancellation of the fire insurance policy.

Prior to trial plaintiffs' action against defendants Nye and Land Bank was dismissed by the lower court on separate motions by each party. The plaintiffs and defendant Co-operative stipulated as to damages, and the only issue which was tried before the jury was whether cancellation had been effective. Following a verdict for the defendant, plaintiffs brought this appeal.

Appellants first claim that the trial court erred in charging the jury that the defendant had the burden of proving only that it mailed the cancellation notice, and that plaintiffs had to prove nonreceipt. They maintain that the burden is on the insurer, who relies on a cancellation as a defense to an action on the policy, to prove receipt by the insured of notice of the cancellation.

It is the general rule that where an insurance policy provision dealing with notice of cancellation provides that the policy may be cancelled by giving notice to the insured in a specified number of days, without stipulating any particular form or way in which such notice must be given, actual receipt by the insured of such notice is a condition precedent to a cancellation of the policy by the insurer. 43 Am. Jur. 2d *Insurance* § 408; Annot., 64 A.L.R.2d 982, 994 (1959).

The policy provision at issue here reads:

> This policy may be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation. . . .

This language falls squarely within the rule. "Giving notice" is not the same requirement as "mailing notice" and demands more. Even where facts show that a cancellation notice was mailed to the insured, if the policy demands that notice be "given" and the notice was never received, the notice is ineffective as a valid cancellation. *DiProspero* v. *Nationwide Mutual Fire Insurance Co.,* 30 Conn. Supp. 291, 311 A.2d 561 (1973); *Boyce* v. *National Commercial Bank & Trust Co.,* 41 Misc. 2d 1071, 247 N.Y.S.2d 521 (Eq. 1964); *aff'd,* 22 A.D.2d 848, 254 N.Y.S.2d 127 (App. Div. 3d 1964). It was reversible error for the court to charge as it did.

Appellants also claim error in the court's charge to the jury on the presumption of receipt of notice from proper mailing. The judge instructed the jury that it was not enough for plaintiffs to simply deny that they received the cancellation notice, but that they had to produce facts sufficient to show, more likely than not, that the notice was never received.

This portion of the charge was also error. Under Vermont law the effect of such a presumption is to place the burden of going forward with evidence on the party against

whom it operates, but the presumption itself is without any independent probative value. When any evidence is introduced from which facts to the contrary may be found, the presumption disappears and is wholly without effect. *Rutland Country Club, Inc.* v. *City of Rutland*, 140 Vt. 142, 436 A.2d 730 (1981); *Tyrrell* v. *Prudential Insurance Company of America*, 109 Vt. 6, 192 A. 184 (1937).

■■ The presumption of receipt is a rebuttable presumption and contributes no evidence. It disappears when facts appear, and facts are deemed to appear when any evidence is introduced from which they may be found. *Estey* v. *Leveille*, 119 Vt. 438, 128 A.2d 319 (1957). Appellants merely had to introduce some evidence of nonreceipt of the notice to cause the presumption to disappear from the case, and this they repeatedly did at trial. Once the presumption disappeared from the case, the court's charge could only have misled the jury. Instruction on the effect of the evidence would have been more appropriate at this point.

Because of the errors we find in the charge of the trial court, we reverse and remand as to Co-operative Fire Insurance Association of Vermont, and we need not reach appellants' claim that their motion for new trial was improperly denied. Since they also contend that the dismissal of their action against defendants Nye and Land Bank was in error, however, we must turn to consider that allegation.

Both Nye and Land Bank admitted receipt of copies of the notices of cancellation which Co-operative claims to have mailed to the Rocques on two separate occasions. Appellants maintain as to both of these defendants that receipt of the notices, coupled with their prior course of dealing with the Rocques, was sufficient to create a duty in each to notify the Rocques of Co-operative's action. We find this claim without merit and affirm the decision of the trial court dismissing the action against these two parties.

■ The duty of an insurance agent is to use reasonable care and diligence to procure insurance that will meet the needs and wishes of the prospective insured, as stated by the insured. *Hill* v. *Grandey*, 132 Vt. 460, 321 A.2d 28 (1974). Absent special facts not present here, it is generally well settled that once a policy has been procured as requested, the

relationship terminates and no further duty is owed the insured by the insurance agent in respect to such insurance. 43 Am. Jur. 2d *Insurance* § 412. Specifically, where an insurance company is required to give direct notice of cancellation to the insured, as is the case here, an insurance agent is not liable for a failure to notify, since he is justified in assuming that the insured would be made aware of the cancellation from other sources. *Adkins & Ainley, Inc.* v. *Busada,* 270 A.2d 135, 137 (D.C. Ct. App. 1970).

A similar line of reasoning applies to the Land Bank. A mortgagee to whom notice is sent of the cancellation of an insurance policy taken out by the mortgagor, with loss payable to the mortgagee, is under no obligation to give notice to the mortgagor of such cancellation. 59 C.J.S. *Mortgages* § 328. The mortgagee is justified in assuming that notice of cancellation was also given to the mortgagor, where a policy such as the one under consideration here could not legally be cancelled without such notice. *Smith* v. *National Bank of McAlester,* 575 P.2d 975 (Okla. Ct. App. 1977); *Gambino* v. *Gratiot Lumber & Coal Co.,* 235 Mich. 70, 209 N.W. 120 (1926). Any practice which the Land Bank may follow of giving notice of cancellation to mortgagors when it receives such notice is clearly for its own protection and is not sufficient to create a duty at law.

*The order dismissing the action against the Federal Land Bank Association and Nye Insurance Agency is affirmed; the judgment in favor of Co-operative Fire Insurance Association of Vermont is reversed and remanded.*