**Frank D. GIST**

v.

**The AETNA CASUALTY AND SURETY COMPANY and Leo Boozman, Jr.**

**Civ. No. 86–2014.**

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 7, 1986.

---

Charles Karr, Martin, Vater & Karr, Fort Smith, Ark., for plaintiff.

Dan F. Bufford, Laser, Sharp & Mayes, P.A., Little Rock, Ark., Douglas O. Smith, Jr., Warner & Smith, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

On September 15, 1984, defendant Boozman, an insurance agent, wrote a "Business Owner's Deluxe Policy" for plaintiff, naming First National Bank of Fort Smith (FNBFS) as the loss payee; the policy was placed with Aetna. On October 4, 1985, a fire occurred at plaintiff's business resulting in the type of loss covered by the policy. Defendant Aetna has failed and refused to pay plaintiff for his loss; it contends that the policy was cancelled on February 24, 1985, for non-payment of premium.

Plaintiff claims that neither he nor FNBFS received notice of the cancellation. Plaintiff alleges that the defendant Boozman was guilty of negligence, which proximately caused plaintiff's loss, by failing to notify plaintiff of the impending cancellation of his insurance policy. For these reasons plaintiff prays that he have judgment against Boozman for the amount that he would have recovered under the insurance policy had it in fact been in force.

Jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332, as the parties are diverse.

## I.

Defendant Boozman prays for summary judgment. He asserts that in the absence of a specific agreement on his part to be the plaintiff's agent for notice of cancellation, he had no independent obligation to notify plaintiff of cancellation by Aetna. Boozman claims that there is no evidence from which a jury could find that he made such a specific agreement. Furthermore, he argues that even if there were such an agreement, it would be superseded because Aetna undertook with the insured to notify the insured of cancellation if it occurred.

Plaintiff responds by arguing that since defendant Boozman received copies of each of the notices sent by Aetna, but did not send any such notices to plaintiff, or make him aware of them, a question of fact exists as to whether Boozman was negligent as to the plaintiff by failing to inform him of the impending cancellation.

Both defendant Boozman and the plaintiff cite *U. S. Fire Ins. Co. v. Montgomery*, 256 Ark. 1047, 511 S.W.2d 659 (1974), as the controlling authority in this matter. The court states there that a dual agency exists when there is an agreement between the insured and the agent that the agency will keep the property insured without specifying a particular company with which the coverage is to be placed. This means that the agent of the company is also the agent of the insured to accept notice of cancellation. The court also held that even where there is a dual agency, if the insurance agent is informed by the insurance carrier that the carrier will provide the insured with notice of cancellation, the agent is relieved of its duty to the insurer to notify the insured of cancellation. *Montgomery*, 256 Ark. at 1052, 511 S.W.2d 659. As the court remarked, in such circumstances the agent is "clearly relieved of any duty that it might have had to [the

insurance company] to provide the insured with notification of cancellation.... An agent certainly should be able to rely on his principal's instruction that no action is expected of him in a matter in which he ordinarily would be under a duty to act...." *Id.* at 1052, 511 S.W.2d 659.

Such an undertaking by the insurer, however, cannot relieve the insurance agent of any duty he may have to notify the plaintiff of cancellation. The insurer may obviously modify its own relationship with the insurance agent, but it is without authority or power unilaterally to alter the relationship between the insurance agent and the insured. *Montgomery* therefore has no application to the case at bar.

## II.

There are only a few published cases that bear directly on the point in issue here. All of them rely on *Adkins v. Busada,* 270 A.2d 135 (D.C. 1970), where the court simply announced the rule that when the insurer owes a contractual duty of notification to the insured, the insurance agent "is not liable for a failure to notify." *Id.* at 137. The later cases, for the most part, merely repeat this assertion in an uncritical way. *See, e.g., Rocque v. Cooperative Fire Insurance Association of Vermont,* 140 Vt. 321, 438 A.2d 383 (1981); *Honeycutt v. Kendall,* 549 F.Supp. 802 (D.Del.1982). In only one case was an attempt made to explain this supposed rule, and this with the bare assertion that under such circumstances the agent "is justified in assuming that the insured would be made aware of the cancellation from other sources". *Rocque, supra,* 438 A.2d at 386. Presumably, the theory of such cases is that there is no duty as a matter of law on the part of insurance agents in the circumstances present here.

The court is, of course, bound in this case to apply the law of Arkansas on this subject. There being no statute or case on point, the court is obligated to exercise its best judgment to determine what the Supreme Court of Arkansas would hold were it presented with this case. In making a decision of this sort, it is probably well to return to first principles. The complaint against the defendant insurance agent sounds in negligence. A negligent act, according to the Supreme Court of Arkansas, is "one from which an ordinary prudent person in the actor's position—in the same or similar circumstance—would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner." *Hill v. Wilson,* 216 Ark. 179, 183, 224 S.W.2d 797, 800 (1949). The act with respect to which the plaintiff complains here, of course, is actually an omission, namely the failure of the insurance agent to notify the plaintiff of the cancellation of his insurance. The question therefore reduces to whether this court can say, as a matter of law, that a reasonably prudent insurance agent would not have conducted himself any differently from the way the defendant did in the situation presented by this case.

This question would be moot if the insurance policy had required actual notice of cancellation to the insured. In such a situation, the policy would remain in force until the insured received communication of cancellation. *Hart v. M.F.A. Insurance Co.,* 268 Ark. 857, 597 S.W.2d 105 (1980). In that event, Mr. Gist's claim for recovery would turn upon whether he actually received notice. If it were determined that he had not, then the policy would have never been properly cancelled and his cause of action would lie solely against the insurer for payment under the policy. If it were determined that Mr. Gist had actually received notice, then the policy would have been properly cancelled and he would have no claim against either Aetna or Boozman. The insurer in this latter instance could not be held liable because it would have properly cancelled the policy, and the agent could not be held liable for negligently failing to provide notice because the insured would have already been notified. Under either set of circumstances, Boozman could not be liable.

The insurance policy in the instant case, however, does not require actual notice of

cancellation before the policy is to be deemed cancelled. Instead, it provides that the "policy may be cancelled by the Company by mailing to the named insured at the mailing address shown in the Declarations." The validity of such a provision was explicitly upheld by the Arkansas Supreme Court in *Home Insurance Co. of New York v. Jones,* 192 Ark. 916, 95 S.W.2d 894 (1936). The existence of this provision provides an instance in which Mr. Boozman's liability would not be foreclosed by the facts and where reasonable minds might differ as to whether he acted in the manner a reasonably prudent insurance agent would have: If Mr. Boozman had received notice of cancellation, and such notice was also mailed to Mr. Gist but never received by him, Mr. Boozman might be deemed negligent in not informing Mr. Gist of the notice, as in this situation the policy would be cancelled without Mr. Gist being aware of it.

Undoubtedly the fact that the insurance company owed the plaintiff a contractual duty of notification is a most important circumstance tending against a finding of liability on Boozman's part. But this court stops short of saying that it furnishes a legal excuse. In other words, the court refuses to believe that reasonable people could not conclude that a person in Boozman's position here, in the exercise of reasonable diligence, would notify the plaintiff of an impending cancellation of his insurance policy.

The motion for summary judgment will, accordingly, be denied.