■ TRIPLE CITIES CONSTRUCTION COMPANY, INC., Appellant, v STATE OF NEW YORK, Respondent.—Per Curiam. Appeal from a judgment of the Court of Claims (Benza, J.), entered January 27, 1989, which granted summary judgment to the State and dismissed the claim.

In 1982, claimant contracted with the Department of Transportation (hereinafter DOT) to reconstruct portions of a State highway in Cortland and Chenango Counties. The work was completed sometime in December 1983. The State issued a final payment check for the work which was dated July 13, 1984. After receipt of the check, claimant commenced this breach of contract action against the State on August 28, 1984. After answering, the State moved pursuant to CPLR 3211 (a) to dismiss the action on the ground that it was time barred. After a hearing, the Court of Claims granted the State's motion, treating it as one for summary judgment, and determined that the suit had not been timely commenced. This appeal by claimant ensued.

The parties do not dispute the above facts. What is at issue here is the date on which the check was mailed by the State to claimant. Under State Finance Law § 145, once a public contractor has accepted final payment pursuant to a construction contract with the State it is required to commence a breach of contract action against the State "not later than forty days after the mailing of such final payment". Claimant contends that the check in this case was mailed on July 19, 1984, making the suit's August 28, 1984 commencement timely. However, the State argues that the suit was untimely

based on its assertion that the check was mailed on July 16, 1984.

At the hearing before the Court of Claims, the State's evidence included the testimony of a State employee for the Department of Taxation and Finance (hereinafter Department) responsible for supervising the distribution of DOT construction project checks. He testified in detail as to the normal office procedures followed for the mailing of such checks. Additionally, records submitted in support of this testimony showed that for the month of July 1984 checks dated July 13, 1984 were received by the Department at 10:30 A.M. on July 16, 1984 and were mailed out at 3:45 P.M. on the same day. The employee also testified that the listing of the 3:45 P.M. time indicated when the checks were delivered to the post office.

In our view this evidence, as well as the record as a whole, shows that the check had been properly addressed, stamped and deposited in a United States post office or authorized depository (see, Hutchins v Conciliation & Appeals Bd., 125 Misc 2d 809, 819; see also, Boyce v National Commercial Bank & Trust Co., 41 Misc 2d 1071, 1075, affd 22 AD2d 848, lv denied 15 NY2d 487) and was sufficient "proof of a regular office practice of correct preparation of letters and their deposit in a certain depository" (Hutchins v Conciliation & Appeals Bd., supra, at 819; cf., Boyce v National Commercial Bank & Trust Co., supra, at 1075-1076) to support the conclusion that the check was mailed on July 16, 1984. Although claimant offered the testimony of its president that he received the check on July 20, 1984 and that the envelope within which it was enclosed contained the postmark July 19, 1984, the president admitted that the envelope had not been saved. No other proof was offered by claimant to support its assertion other than a notation of "mailed July 19, 1984 Recd July 20, 1984" made on the check by claimant's president. Based on this evidence, the Court of Claims determination that the check was mailed on July 16, 1984 was in all respects proper and should be affirmed.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.