**Hugh McGEE and Morgan McGee v. VERMONT FEDERAL BANK, FSB**

[726 A.2d 42]

No. 97-409

January 4, 1999. Plaintiffs Hugh and Morgan McGee appeal from the superior court's decision granting defendant Vermont Federal Bank's motion for judgment on the pleadings pursuant to V.R.C.P. 12(b)(6). On appeal, the McGees claim that Vermont Federal Bank (Bank) breached a common law and fiduciary duty owed to them when it negligently misrepresented that the real property on which they had made multiple mortgage payments to the Bank was covered by insurance. We affirm.

The McGees filed a complaint in the superior court alleging that from December 1994 through April 1996 a relationship developed between themselves and the Bank which created a duty on the part of the Bank to act with care and prudence towards them with respect to a mortgage on which they had made multiple payments. They alleged that the Bank breached a common law duty when it failed to notify them that insurance on the property was canceled. In addition, the McGees alleged that the Bank breached a fiduciary duty to them by failing to advise them of the status of the insurance coverage.

The Bank filed a motion for judgment on the pleadings, which the court granted, holding that, as a matter of law, the Bank's conduct did not constitute negligence because the Bank owed no duty to the McGees. The court denied the McGees' request for reconsideration, and the McGees appealed. On appeal, the McGees contend that the court's decision to dismiss their complaint constitutes an abuse of discretion.

We review a judgment on the pleadings by considering all the factual allegations in the pleadings of the nonmoving party and all reasonable inferences that can be drawn from them as true and allegations to the contrary by the moving party as false. See *In re Estate of Gorton*, 167 Vt. 357, 358, 706 A.2d 947, 949 (1997). According to the complaint and the exhibits attached and incorporated therein, in November of 1987, Douglas and Marie Benoit executed and delivered to the Bank a promissory note in the amount of $50,000, and a mortgage deed for real property located in Vergennes as security for. the note. The mortgage required, among other things, that the Benoits insure the mortgaged property. On September 12, 1994, the Granite Insurance Company mailed to the Benoits and the Bank a notice of cancellation of insurance for failure to pay the premiums. On October 3, 1994, the insurance company canceled the policy and notified the Bank in writing of the cancellation.

On December 1, 1994, the McGees entered into a purchase and sale agreement with the Benoits pertaining to the mortgaged property. Pursuant to this agreement, the McGees agreed to assume and pay the remaining balance on the note and mortgage held by the Bank. The mortgage, incorporated by reference in the complaint, prohibited the Benoits from selling or transferring the property without the prior written consent of the Bank.

The McGees further alleged that from December 1994 through April 1996 they made payments to the Bank on the Benoits' mortgage and the Bank accepted payments from the McGees and credited the payments to the Benoit account. They

alleged that on at least two occasions prior to April of 1996 the Bank failed to truthfully and accurately inform Hugh McGee as to the status of insurance coverage on the subject property. On April 27, 1996, after the McGees had made fourteen consecutive monthly payments on the Benoits' mortgage, the uninsured property was destroyed by fire.

The McGees claim that their relationship with the Bank created a fiduciary duty to respond accurately and truthfully to inquiries from Hugh McGee as to the status of the insurance coverage. The existence or nonexistence of a duty is a question of law to be decided by the court. See *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 487, 622 A.2d 495, 499 (1993). In order for the Bank to have become a fiduciary, the relationship had to ripen into one in which the McGees were dependent on, and reposed trust and confidence in, the Bank in the conduct of its affairs. See *Capital Impact Corp. v. Munro*, 162 Vt. 6, 10, 642 A.2d 1175, 1177 (1992).

In *Capital Impact*, because the record revealed nothing but a debtor-creditor relationship between the parties, we held that the trial court did not err in declining to find a fiduciary relationship. We have also held that a mortgagee/bank to whom notice is sent of the cancellation of an insurance policy taken out by the mortgagor, with loss payable to the mortgagee, is under no obligation to give notice to the mortgagor of such cancellation. See *Rocque v. Co-operative Fire Ins. Ass'n*, 140 Vt. 321, 327, 438 A.2d 383, 386-87 (1981). Similarly, in the instant case, the relationship between the McGees and the Bank consisted of nothing more than the McGees' monthly payment, and the Bank's receipt, of mortgage payments on behalf of the Benoits' loan. A fiduciary relationship of dependence and trust was not born of these transactions. Cf. *Griffin v. Griffin*, 125 Vt. 425, 438, 217 A.2d 400, 410 (1965) (fidu-

ciary relationship arose where lender's president gained confidence of signer of promissory note as her attorney in other matters). Indeed, during oral argument, the McGees conceded that even the Benoits, as mortgagors, would not have had a cause of action against the Bank. It is untenable that the McGees, who are something less than assignees of the Benoits' mortgage, should be in a better position to bring this claim than an actual mortgagor.

Nor have the McGees alleged a legally cognizable duty which gives rise to a common law duty of care. See *Smith v. Day*, 148 Vt. 595, 597, 538 A.2d 157, 158 (1987) (legally cognizable duty is the first prerequisite in any negligence proceeding). The monthly transactions between the McGees and the Bank were not sufficient to create a duty of care on the part of the Bank to inform the McGees of the insurance cancellation. No contractual relationship or any other legally cognizable relationship, special or otherwise, existed between the McGees and the Bank.

The McGees also argue, however, that the Restatement (Second) of Torts § 552(1) (1977) establishes liability where there has been negligent misrepresentation. They argue that the superior court's reliance on *Rocque* was misplaced because *Rocque* stands merely for the proposition that a mortgagee/bank has no contractual duty to *disclose* the cancellation of insurance to the mortgagor/borrower. The McGees contend that the instant case is distinguishable from *Rocque* because they have not simply alleged that the Bank failed to disclose the status of insurance on the property, but rather, *upon inquiry*, failed to accurately inform them of the status of insurance. We have adopted the Restatement (Second) of Torts' definition of negligent misrepresentation. See *Limoge v. People's Trust Co.*, 168 Vt. 265, 268-69, 719 A.2d 888, 890 (1998). We recognize the cause of action against one who, in the course of his

business, profession or employment supplies false information for the guidance of others in their business transactions. Liability arises where there is justifiable reliance on the information provided by the alleged tortfeasor, and where that reliance results in pecuniary loss. See *id*; Restatement (Second) of Torts § 552(1).

The McGees' attempt on appeal to characterize their complaint as a negligent misrepresentation claim must fail. In *Silva v. Stevens*, 156 Vt. 94, 109, 589 A.2d 852, 860 (1991), we held that the "justifiable reliance" element of the claim of negligent misrepresentation connotes an objective standard, and we upheld the adequacy of the court's instruction to the jury that "[p]laintiffs may justifiably rely upon a representation when the representation is not obviously false *and the truth of the representation is not within the knowledge of, or known by the plaintiffs."* *Id.* at 108, 589 A.2d at 860 (emphasis added and internal citation omitted). Nowhere in the McGees' pleadings do they indicate that they could not verify the information the Bank provided them, or that they could not have inquired directly of the Benoits or the insurance company on the status of insurance on the property. Indeed, the complaint alleges that the insurance company notified the Benoits of the insurance cancellation in September of 1994, three months before the McGees and the Benoits entered into the purchase and sale agreement. In light of the date of cancellation and the ease with which they could have determined the status of insurance coverage, in addition to the McGees' failure to allege that their reliance on the Bank's representation was justified, the McGees' complaint fails to state a cause of action for negligent misrepresentation.

Finally, the McGees argue that the trial court erred in dismissing Count II of their complaint which, under the same theories of liability alleged in Count I, alleged that the Bank was liable for clean-up costs incurred by the City of Vergennes in abating the hazard resulting from the fire loss. Count II does not assert any separate legal cause of action against the Bank. Rather, it merely seeks additional damages, under the same theory of liability, to those sought in Count I. Moreover, the McGees fail to allege in Count II that they suffered any damages. They do not allege that they have paid the clean-up costs or have been found liable for the costs. Nor do they allege that the City of Vergennes is seeking to recover the costs from the McGees. Count II fails to state a claim upon which relief can be granted and was properly dismissed.

*Affirmed.*