STATE OF MAINE                    SUPERIOR COURT
PENOBSCOT, SS.                    CIVIL ACTION
                                 Docket No. CV-03-49
                                 JLH -PEN- 5/7/2003

Sheila Dyer et al.,

        Plaintiffs        **DONALD L. GARᴿᴿᴿᴿᴿHT**
                              **LAW LIBRARʏ**


        v.              **JUN 11 2003**    Order (Motion to Dismiss)

FILED & ENTERED
SUPERIOR COURT

MAY 0 7 2003

PENOBSCOT COUNTY

Manager-Larry Bowlan of
Bowlan Averill Agency, Inc.,

        Defendant


        Pending before the court is the defendant's motion to dismiss. The court has reviewed the parties' timely submissions associated with this motion.[1]

        The defendant first contends that that part of the complaint that seeks relief on behalf of plaintiff Sheila Dyer should be dismissed for failure to comply with the requirements of M.R.Civ.P. 11. The defendant, however, has not specified the nature of this alleged failure, and none is apparent to the court. This part of the motion is therefore denied.

        The defendant next argues that the complaint fails to state a claim against him on which relief could be granted. "A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the

---

[1] In addition to their objection to the motion at bar, the plaintiffs filed a "reply" memorandum after the defendant filed its reply to the plaintiffs' objection. Such a "reply" as submitted by the plaintiffs is in the nature of a surrebuttal and is not contemplated or allowed under the rules. Consequently, the court has not read or considered that last filing.

        Additionally, in their opposition to the defendant's motion to dismiss, the plaintiffs have made a number of factual assertions. The motion at issue here requires an examination of the sufficiency of the pleadings themselves. This four corners assessment means that particular factual issues beyond those set out in the complaint are not relevant. Thus, the court has disregarded the plaintiffs' additional statements of how they contend things actually happened.

1

complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Environmental Protection,* 498 A.2d 260, 266 (Me. 1985).

In their complaint, the plaintiffs, as insureds under an automobile insurance policy, allege that the defendant, an insurance agency,[2] was negligent when the agency provided them with incorrect information regarding payment of the premium and other account information. They further allege that the agency negligently and incorrectly led them to believe that their policy was in effect. In fact, the policy had been cancelled, and they claim damages arising from an uncovered property loss.

Under Maine law, an insurance agency is not liable to an insured when that insured does not receive notice of cancellation of a policy. *Sunset Enterprises v. Webster & Goddard,* 556 A.2d 213, 215-16 (Me. 1989). Rather, it is the insurer's duty to provide that notice. *Id.*; 24 M.R.S.A. § 2911 *et seq.* Here, however, the jist of the plaintiff's complaint is that the defendant provided incorrect information about the status of that policy. An insurance agency may be held liable for negligent failure to procure insurance for an insured. *County Forest Products, Inc. v. Green Mountain Agency, Inc.,* 2000 ME 61, ¶¶ 43-44, 758 A.2d 59, 69-70. *See generally* 16A APPLEMAN, INSURANCE LAW AND PRACTICE § 8831 (1981); 11 HOLMES' APPLEMAN ON INSURANCE 2d § 71.1 (1999) (liability of insurance agent for negligence). The plaintiffs allege here that the defendant gave them certain instructions regarding the continuation of their coverage with the insurer, that the information was incorrect, that the defendant was negligent in those communications with the plaintiffs and that as a result their policy was cancelled. This allegation implicates a separate duty owed by an insurance agent to an insured, much in line with that recognized specifically in *County Forest Products* and more generally in the secondary sources noted above.

---

[2] One could argue that the plaintiffs are not clear in identifying the defendant, that is, whether this claim is against Larry Bowlan individually, against him as an agent of the agency, or against the agency itself. This issue is not addressed in the motion at bar, and this order should not be viewed as clarifying any such ambiguity.

2

Finally, the defendant argues that the complaint should be dismissed because the plaintiffs have failed to join a party that the defendant deems indispensable. *See* M.R.Civ.P. 12(b)(7), 19. The plaintiffs' claim against the defendant is predicated on allegations that the defendant committed a breach of a duty independent from any duty owed to them by the insurer. The defendant has cited no authority demonstrating that in this situation, the insurer must also be joined as a party-defendant. Due to the distinction between the agent's duty and the insurer's duty, the court is not persuaded by this aspect of the motion.

The entry shall be:

For the foregoing reasons, the defendant's motion to dismiss is denied.

Dated: May 6, 2003

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

3

```
SHEILA DYER  - PLAINTIFF                              SUPERIOR COURT
1126 SPRING BRIDGE ROAD                               PENOBSCOT, ss.
GREENBUSH ME 04467                                    Docket No  BANSC-CV-2003-00049
WALTER J DYER  - PLAINTIFF
1126 SPRING BRIDGE ROAD
GREENBUSH ME 04467                                    DOCKET RECORD


vs
LARRY BOWLAN  - DEFENDANT
P O BOX 456
OLD TOWN ME 04468
Attorney for: LARRY BOWLAN
JOHN B LUCY
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429


BOWLAN AVERILL AGENCY - DEFENDANT
168 NORTH MAIN ST P O BOX 456
OLD TOWN ME 04468
Attorney for: BOWLAN AVERILL AGENCY
JOHN B LUCY
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429
```

Filing Document: NOTICE OF REMOVAL          Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 03/19/2003

## Docket Events:

03/20/2003 FILING DOCUMENT - NOTICE OF REMOVAL FILED ON 03/19/2003
        REMOVAL FROM DISTRICT COURT, DISTRICT THREE, DIVISION OF SOUTHERN PENOBSCOT, BANGOR.
        (BANDC-CV-2003-102)  ORIGINAL PAPERS RECEIVED AND FILED.  CERTIFIED COPY OF THE DOCKET
        ENTRIES RECEIVED AND FILED.

03/20/2003 Party(s):  LARRY BOWLAN
        ATTORNEY - RETAINED ENTERED ON 03/19/2003
        Defendant's Attorney: JOHN B LUCY

03/20/2003 Party(s):  LARRY BOWLAN
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/20/2003
        DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFFS.

03/21/2003 CERTIFY/NOTIFICATION - RULE 13(J) NOTICE OF REMOVAL SENT ON 03/20/2003
        TO ATTORNEY FOR THE DEFENDANT AND TO PLAINTIFFS PRO SE.

04/07/2003 Party(s):  SHEILA DYER,WALTER J DYER
        OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/07/2003
        OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FILED BY PLAINTIFFS PRO SE.

04/08/2003 Party(s):  LARRY BOWLAN
        OTHER FILING - REPLY MEMORANDUM FILED ON 04/08/2003
        REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS.