Bertleson v. Sunbeam Products, Inc., No. S0312-04 CnC  (Norton, J., July 7, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                        Docket No. S0312-04 CnC

BERTELSON

v.

SUNBEAM PRODUCTS, INC.

ENTRY

Plaintiffs brought suit to recover damages caused by a fire that resulted from an allegedly defective electric blanket.  In addition to bringing a complaint against the blanket's manufacturer, Sunbeam Products, Inc., Plaintiffs complaint alleges two causes of action against their insurance agent, The Allen Agency, Inc., alleging negligence and breach of contract for its failure to provide adequate insurance.  The

1

agency's motion to bifurcate the insurance issues from the product liability issues was granted by entry order dated October 1, 2004. The agency now moves for summary judgment on all counts against it. For the reasons stated below, the Allen Agency's motion for summary judgment is granted.

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15. Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact. Id.

## FACTS

The following facts are undisputed. Plaintiffs Joel Bertelson, Daniel Mendl, Katherine Hope Bertelson, and The Bigfoot Ranch, II, Inc. have an interest in property at 1422 Clay Point Road, Colchester, Vermont known as Bigfoot Ranch. A fire occurred on Bigfoot Ranch on April 14, 2003. As a result of the fire, the Plaintiffs suffered property loss and personal injury.

The insurance policy in effect on April 14, 2003 was number 0442354 issued to Mr. Mendl and Ms. Bertelson by New England Guaranty Insurance Co., Inc. This policy was procured by the Allen Agency at the request of Bernadette Fischer, acting as a representative of Marco Insurance Agency of Colchester, Vermont. Ms. Fischer acted as a intermediary in the transaction. Ms. Fischer provided the agency with the initial values to provide quotations and to procure the coverage including the limit of

2

liability for the dwelling.

The agency never agreed to conduct an appraisal of the personal property at Bigfoot Ranch. The content limit of the policy was derived from a percentage of the dwelling limits, a number first provided by Ms. Fischer. It is not the practice of the agency to go into insureds' homes and assess and appraise the value of their personal property.

On February 1, 2001, the agency sent a letter to the named insureds, Mr. Mendl and Ms. Bertelson, which stated "Enclosed please find your new insurance policies written with New England Guaranty. We ask that you review these policies and their contents to be sure you are adequately protected." During the term of the policy, the agency sent the insureds copies of documents (including policies, declaration pages, invoices and renewals) that clearly reflected the various limits, including the limits for dwelling and personal property.

## DISCUSSION

Plaintiffs claim, as a result of a fire, to have sustained losses that exceed their insurance coverage. For their uninsured losses Plaintiffs allege that the agency was both negligent and in breach of contract for its failure to provide adequate insurance.

<u>Negligence</u>

An insurance agent's duty to an insured is to "use reasonable care and diligence to procure insurance that will meet the needs and wishes of the prospective insured, as stated by the insured." <u>Booska v. Hubbard Ins. Agency, Inc.</u>, 160 Vt. 305, 309-10 (1993) (quoting <u>Rocque v. Co-Operative</u>

3

Fire Ins. Ass'n, 140 Vt. 321, 326 (1981)).  After procuring a policy that is consistent with this standard of care, the agent owes no further duty to the insured with respect to this insurance.  Id. at 310.

The undisputed facts of this case indicate that the Allen Agency provided Plaintiffs with an insurance policy that covered the property based on a reasonable interpretation of the information that the agency had.  Any of the additional claims that Plaintiffs make concern information that was outside the scope of what the agency knew or could have known short of an inventory or appraisal of the property, something they were not obligated to perform.  The duty that the agency owed to Plaintiffs was only one of an ordinary insurer: to meet the needs of the insured as stated by the insured.  In this case, the Allen Agency fulfilled its duty by insuring its clients to the extent of the reported value of their home and possessions.

In certain cases, an agent does have an affirmative duty to advise clients regarding the adequacy of a policy's coverage but only where a "special relationship"exists between the agent and the insured.  Couch on Ins. § 46:61 (3d ed.).  This type of "special relationship" arises under particular facts, such as "express agreements, long established relationships of entrustment in which the agent clearly appreciates the duty of giving advice, additional compensation apart from premium payments, and the agent holding out as a highly-skilled expert coupled with reliance by the insured." Sintros v. Hamon, 810 A.2d 553, 555–56 (N.H. 2002) (collecting cases); Couch on Ins. at § 46:61; Booska, 160 Vt. at 308–10 (no special relationship existed merely because agent had served insured for 12 years).

Plaintiffs contend that Ms. Fischer's role in procuring the insurance created a special relationship and that there are disputed factual issues over whether Ms. Fischer acted as an agent of the Allen Agency in procuring the policy.  But, even if Ms. Fischer was an agent of the Allen Agency, that, by

4

itself, is insufficient to create a "special relationship."  Cf. <u>Sintros</u>, 810 A.2d at 556.  The general principle behind the "special relationship" exception is that affirmative acts by insurance agents create more than a mere insurer–insured relationship, on which the plaintiffs come to rely.  Plaintiffs have not alleged facts in either their complaint or response to summary judgment sufficient to find that any "special relationship" existed with Ms. Fischer.  In the absence of such a relationship with either the agency or Ms. Fischer, the agency had no duty to inspect the Plaintiffs' property or otherwise make certain that Plaintiffs were fully insured.

<u>Breach of Contract</u>

Plaintiffs have not identified a specific provision of the policy that required the agency to inspect their property or otherwise make certain that Plaintiffs were fully insured.  Without such an explicit agreement, the agency had no inherent duty to make such an inspection or appraisal of Plaintiffs' property.  In light of this limited duty and the rules of insurance contract construction, the court declines to impose a general, after-the-fact duty on the agency to have made certain that Plaintiffs were fully insured.  See <u>N. Sec. Ins. Co. v. Perron</u>, 172 Vt. 204, 209 (2001) (insurance policies are construed according to their terms and the intent of the parties as expressed in the policy).

During the term of the policy, Plaintiffs were sent documents clearly reflecting their various limits, including limits for dwelling and personal property.  They were well aware of their insurance levels and were in a far better position to question any particular level of coverage or to ask to extend it to any omitted items.  By accepting the policy, paying the premiums, and renewing, Plaintiffs effectively ratified their level of insurance coverage and may not now argue that in hindsight it was

5

unsatisfactory.

Accordingly, defendant The Allen Agency, Inc.'s motion for summary judgment is granted.

Dated at Burlington, Vermont this _____ day of July, 2005.

_____

Hon. Richard W. Norton
Presiding Judge